# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

OCTAVIO CARRILLO,

                Petitioner,

v.

LUIS ROSA, JR., et al.,

                Respondents.

Case No. 2:23-cv-00269-RFB-EJY

**ORDER**

     On February 21, 2023, Petitioner Octavio Carrillo filed an emergency petition for federal habeas corpus relief under 28 U.S.C. § 2241, challenging his prolonged detention without a bond hearing pending the Ninth Circuit Court of Appeals' ("Court of Appeals") decision on his removal. (ECF No. 1.) This Court conducted a preliminary review of the petition and directed that the petition be served on the Respondents. (ECF No. 3.) Respondents timely responded. (ECF No. 4.) Due to the procedural changes in this case since the petition was filed, namely the Court of Appeals' recent memorandum (ECF No. 4-7), on March 17, 2023, this Court ordered Carrillo to file a reply within 14 days. (ECF No. 5.) Carrillo's 14-day deadline to file a reply expired on March 31, 2023. To date, Carrillo has not replied nor requested an extension of his deadline to do so. For the reasons discussed below, the petition is denied.

**I.     BACKGROUND**

     Carrillo is a 37-year-old native and citizen of Mexico. (ECF No. 1 at 2.) On February 11, 2007, Carrillo received permanent resident status in the United States. (Id.) Carrillo has been convicted of the following offenses while residing in the United States: (1) on October 19, 2005, Carrillo was convicted of disturbing the peace and received a 180-day suspended sentence; (2) on December 24, 2007, Carrillo was convicted of attempted battery with substantial bodily harm and

fined $1,000; (3) on February 4, 2008, Carrillo was convicted of possession of drugs and sentenced to drug counseling and community service; and (4) on March 5, 2015, Carrillo was convicted of attempted sexual assault and sentenced to 4 to 10 years in prison. (ECF No. 4-2 at 4.)

On February 27, 2020, Immigration and Customs Enforcement ("ICE") detained Carrillo and placed him in removal proceedings. (ECF No. 4-2 at 3–4.) Carrillo was "held in ICE custody pursuant to INA section 236(c) mandatory custody pending his removal hearing." (Id. at 5.) On September 10, 2020, an immigration judge ("IJ") denied Carrillo's applications for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). (ECF No. 4-3.) Carrillo appealed the IJ's decision. (See ECF No. 4-5.) On October 7, 2021, the BIA dismissed Carrillo's appeal and "adopt[ed] and affirm[ed] the decision of the Immigration Judge." (ECF No. 4-5 at 2.) Carrillo sought review before the Court of Appeals. (See ECF No. 4-7.)

In March 2021, Carrillo requested a custody redetermination hearing under 8 C.F.R. § 1236. (See ECF No. 4-4 at 2.) The IJ denied bond, concluding that (1) she lacked jurisdiction due to Carrillo being mandatorily detailed under 8 U.S.C. § 1226(c) because of his prior convictions and (2) even if she had jurisdiction, Carrillo's bond would be denied "because he is a danger to the community." (Id.) In May 2022, Carrillo again sought a custody redetermination hearing under 8 C.F.R. § 1236. (See ECF No. 4-6 at 2.) The IJ denied bond, concluding that "DHS demonstrated by clear and convincing evidence [Carrillo] is a danger to the community." (Id.)

On February 22, 2023, the Court of Appeals dismissed, in part, and denied, in part, Carrillo's review of the BIA's decision. (ECF No. 4-7.) The Court of Appeals found that Carrillo failed to demonstrate that he was eligible for CAT protection because "nothing in the record compels a finding that the Mexican government would acquiesce in Carrillo's torture." (Id. at 5.)

The Court of Appeals concluded that (1) "[t]he temporary stay of removal remains in place until the mandate issues" and (2) "[t]he motion for a stay of removal is otherwise denied." (Id.)

## II. DISCUSSION

### A. Governing law

#### 1. Federal habeas jurisdiction

Federal district courts may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While this Court has habeas jurisdiction under § 2241 to review bond hearing determinations for constitutional claims and legal error, it is barred "from reviewing 'discretionary judgment[s]' regarding the detention and release of aliens in removal proceedings." Martinez v. Clark, 36 F.4th 1219, 1224 (9th Cir. 2022); see also 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").

#### 2. Detention of noncitizens

The Immigration and Nationality Act ("INA") provides a "complex statutory framework of detention authority," codified at 8 U.S.C. §§ 1226 and 1231. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The Attorney General has discretionary authority under 8 U.S.C. § 1226(a) to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings.[1] However, if a noncitizen falls

---

[1] A § 1226(a) detainee may request a bond redetermination by an IJ. See 8 C.F.R. § 236.1(d)(1). Once an IJ makes an initial bond decision, a detainee's subsequent request for a bond redetermination must show that his or her "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). If detainees "are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that 'the necessity of detention can be

3

within one of the categories of criminals under § 1226(c), detention is mandatory. See Avilez v. Garland, 48 F.4th 915, 920 (9th Cir. 2022) (explaining that "[s]ubsection C provides for the detention of 'criminal aliens' and states that '[t]he Attorney General shall take into custody any alien who' is deportable or inadmissible based on a qualifying, enumerated offense" (emphasis in original)).

Comparatively, 8 U.S.C. § 1231 governs the detention and release of noncitizens who have been ordered removed from the United States. Detention of a noncitizen is mandatory during the removal period, which is the 90 days the Attorney General has to remove the noncitizen. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2) or 1227(a)(4)(B)."). The removal period starts on the latest of the following dates: (1) "[t]he date the order of removal becomes administratively final," (2) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order," or (3) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).[2]

**B.     Analysis**

Respondents contend that Carrillo is subject to mandatory detention under § 1231 due to the Court of Appeals' removal order. (ECF No. 4 at 5.) While the Court of Appeals dismissed, in

---

reviewed by . . . the BIA.'" Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (quoting Prieto-Romero, 534 F.3d at 1059). If the BIA denies relief, detainees then "may file a petition for habeas corpus in the district court," and if the decision is unfavorable, "[t]hey may then appeal to" the Court of Appeals. Id. (citing Singh v. Holder, 638 F.3d 1196, 1200–03) (9th Cir. 2011)).

[2] Although indefinite detention is not permitted, a noncitizen may be detained beyond the 90-removal period for a reasonable amount of time. 8 U.S.C. § 1231(a)(6); see also Zadvydas v. Davis, 533 U.S. 678, 689 (2001) (explaining that a reasonable time would be six months).

part, and denied, in part, Carrillo's petition for review of the BIA's order (ECF No. 4-7), the Court of Appeals' order is not final under the mandate issues. See Fed. R. App. P. 41(c), 1998 Adv. Comm. Note ("A court of appeals' judgment or order is not final under issuance of the mandate."). Indeed, the Court of Appeals explained that "[t]he temporary stay of removal remains in place until the mandate issues." (ECF No. 4-7 at 5.) The Court of Appeals has yet to issue its mandate,[3] so Carrillo's removal period has not started. See 8 U.S.C. § 1231(a)(1)(B)(ii) (explaining that the removal period starts on "the date of the court's final order"). As such, this Court does not find that Carrillo, at the time of the filing of his petition or at the time of this order, is subject to mandatory detention under § 1231. Rather, this Court finds that Carrillo is subject to detention under § 1226.

Carrillo argues that he is detained under § 1226(a), not § 1226(c). (ECF No. 1 at 1–2 (citing Casas-Castrillon v. Department of Homeland Sec., 535 F.3d 942, 948 (9th Cir. 2008) (explaining that once the petitioner's "proceedings before the BIA were complete, the Attorney General's authority to detain him under § 1226(c) ended and that authority shifted instead to § 1226(a)"). However, Casas-Castrillon was overruled in this regard. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1200 (9th Cir. 2022) (explaining that the Supreme Court in Jennings v. Rodriguez "concluded that [the Court of Appeals'] interpretations of §§ 1225(b) and 1226(c) as ceasing to govern after six months were . . . not supported by the relevant provisions, and that those provisions in fact 'authorize detention until the end of applicable proceedings,' as opposed to under the authority of § 1226(a)"); Avilez v. Garland, 48 F.4th 916, 923 (9th Cir. 2022) (recognizing that under the Supreme Court's decision in Jennings, §§ 1226(a) and (c) "apply to discrete categories

---

[3] This Court takes judicial notice of the Court of Appeals' docket in Carrillo v. Garland, 21-964.

of noncitizens—and not to different stages of noncitizen's legal proceedings"). Accordingly, Carrillo's detention did not shift from § 1226(c) to § 1226(a) following the BIA's decision.

Carrillo concedes that the Supreme Court has rejected a facial constitutional challenge to § 1226(c). (ECF No. 1 at 9.) Indeed, the Supreme Court has held that Congress "may require that persons . . . be detained for the brief period necessary for their removal proceedings" and such "[d]etention . . . is a constitutionally permissible part of that process." Demore v. Kim, 538 U.S. 510, 513, 531 (2003) (explaining that Congress was "justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers"). However, Carrillo argues that his unreasonably prolonged mandatory detention pending removal under § 1226(c) without an individualized bond hearing violates due process. (ECF No. 1 at 13.)

The Supreme Court has recently held that a noncitizen detained under § 1226(c) does not have a statutory right to a bond hearing: "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Jennings v. Rodriguez, 138 S.Ct. 830, 847 (9th Cir. 2018); see also Rodriguez Diaz, 53 F.4th at 1201 (explaining that under Court of Appeals' precedent, "an alien detained under § 1226(c) was subject to that detention authority throughout the administrative and judicial phases of her removal proceedings, and was therefore not entitled to a bond hearing under § 1226(c) as a statutory matter"). However, regarding due process considerations, the Supreme Court remanded the case to the Court of Appeals "to consider [the] constitutional arguments on their merits." Jennings, 138 S.Ct. at 851. The Court of Appeals, in turn, remanded the case to the district court to consider the constitutional arguments in the first instance, but it noted that it had "grave doubts that any statute that allows for arbitrary prolonged

6

detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018). Following these remands, there is a deficiency of guidance regarding the point at which a noncitizen's continued mandatory detention without a bond hearing under § 1226(c) becomes unconstitutional. See Rodriguez Diaz, 53 F.4th at 1201 (explaining that "after the Supreme Court's decision[ ] in Jennings . . . , it remains undetermined whether the Due Process Clause requires additional bond procedures under any immigration detention statute" (emphasis in original)); Martinez, 36 F.4th at 1223 ("Whether due process requires a bond hearing for aliens detained under § 1226(c) is not before us today. And we take no position on that question."); Avilez, 48 F.4th at 927 (declining to make a determination on whether due process required a bond hearing for a noncitizen detained under § 1226(c) and remanding to the district court for consideration of the due process claim).

Even though the law is unclear on whether due process requires a bond hearing for noncitizens detained under § 1226(c), this Court finds that Carrillo fails to demonstrate that he was deprived of due process. See Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings."). Carrillo contends that a determination was required to be conducted to see whether his continued detention has been consistent with the law's purpose of preventing flight and danger to the community. (ECF No. 1 at 14.) However, importantly, an IJ has made two individual determinations regarding Carrillo's continued detention: one in March 2021, and one in May 2022. (ECF Nos. 4-4, 4-6.) In the March 11, 2021, order, the IJ concluded that (1) she lacked jurisdiction to consider Carrillo's release from custody due to Carrillo being mandatorily detailed because of his prior convictions and (2) even if she had jurisdiction, Carrillo's bond would be denied "because he is a danger to the community."

7

(ECF No. 4-4 at 2.) And in the May 16, 2022, order, the IJ concluded that "DHS demonstrated by clear and convincing evidence [Carrillo] is a danger to the community." (ECF No. 4-6.) Both orders were provided to Carrillo's attorney. (See ECF Nos. 4-4 at 3, 4-6 at 3.) Carrillo fails to contend that these determinations denying his request for a change in custody were constitutionally insufficient or fell below the requirements of due process. Indeed, Carrillo fails to acknowledge that these determinations were ever made. Accordingly, while this Court acknowledges the lengthy time that Carrillo has been detained while litigating his removal,[4] he fails to demonstrate that he is entitled to § 2241 habeas relief at this time.[5]

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Octavio Carrillo's emergency petition for federal habeas corpus relief under 28 U.S.C. § 2241 [ECF No. 1] is denied. A certificate of appealability is denied, as jurists of reason would not find the denial of Carrillo's petition to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment accordingly and close this case.

Dated: April 5, 2023

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT COURT

---

[4] Notably, Carrillo's detention under § 1226(c) beyond September 10, 2020, the date of the IJ's decision, was due to his decision to challenge the removal order before the BIA and Court of Appeals. See Rodriguez Diaz, 53 F.4th at 1207 ("We also cannot overlook that most of the period of [Petitioner]'s detention arose from the fact that he chose to challenge before the BIA and later [the Court of Appeals] the IJ's denial of immigration relief."); see also Prieto-Romero, 534 F.3d at 1063–65 & n.9 (holding that an alien's detention was not unconstitutionally indefinite when it was prolonged by a challenge to his removal order).

[5] If necessary, Carrillo is not precluded by this order from seeking § 2241 habeas relief in the future based on his future detention under 8 U.S.C. § 1231 following the Court of Appeals' remand.

8